UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON DIXON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-2094-G |
| OCWEN LOAN SERVICING, LLC, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion to dismiss the plaintiffs' Real Estate

Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA") claims

under Rule 12(b)(6) (docket entry 4).  For the reasons stated below, the defendants'

motion to dismiss is granted on the plaintiffs' RESPA claim and granted in part and

denied in part on the plaintiffs' TILA claim.

## I. BACKGROUND

The plaintiffs, Don and Dana Dixon ("the Dixons"), currently own and reside

at the property located at 14924 Oaks North Drive, Dallas, Texas 75250.  Plaintiffs'

Original Petition ("Original Petition") ¶ 8 (docket entry 1-1).  In 2004, the Dixons

signed a promissory note with a mortgage company in order to refinance a lien on the property.  *Id.* ¶ 9.  The note was transferred several times until the defendants, The Bank of New York Mellon f/k/a The Bank of New York as Successor to JPMorgan Chase Bank, N.A. As Trustee for Asset Backed Funding Corporation Asset-Backed Certificates, Series 2005-HE1 ("BONY") and Ocwen Loan Servicing, LLC ("Ocwen"), became the owner and servicer of the note respectively.  *Id.* ¶¶ 11-12.  On May 6, 2015, BONY and Ocwen applied to foreclose on the property.  Defendants' Motion to Dismiss Original Petition and Brief in Support ("Motion") at 2 (docket entry 4).

The Dixons commenced this action in the 192nd District Court of Dallas County, Texas, on June 6, 2016, seeking damages for violations of 12 C.F.R. § 1024.41 under RESPA and 15 U.S.C. § 1638(f) under TILA.  *See generally* Original Petition.  Specifically, the Dixons contend that their mortgage statements in 2013 and 2014 "reflect[ed] an incorrect beginning principal balance, incorrect interest amount, and incorrect total amount due."  *Id.* ¶ 15.  The Dixons assert that Ocwen failed to explain the inaccuracies after multiple inquiries.  *Id.* ¶ 13.  The Dixons further allege that they never received mortgage statements in 2015 or 2016.  *Id.* ¶ 16.

The defendants removed the case to this court on July 19, 2016.  Notice of Removal (docket entry 1).  On July 22, 2016, the defendants filed this Rule 12(b)(6) motion to dismiss.  Motion.  The Dixons filed a timely response on September 2,

2016, in which they noted that their petition incorrectly cited 12 C.F.R. § 1024.41

instead of 12 C.F.R. § 1024.38.  Plaintiffs' Response and Brief in Opposition to

Defendants' Motion to Dismiss ("Response") at 4 (docket entry 10).  On

September 8, 2016, the defendants filed a timely reply.  Defendants' Reply in

Support of Motion to Dismiss Original Petition ("Reply") (docket entry 11).  The

motion is now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standards

#### 1.  *Rule 12(b)(6) Motion to Dismiss Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina

Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic

Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182

(2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his

or her] entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550

U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual

allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief."  *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must

- 4 -

undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" [his or her] claims against the defendant "across the line from conceivable to plausible." *See id.* at 679, 683.

### 2. *Rule 12(b)(6) Dismissal Based on an Affirmative Defense*

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986); 5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2013) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Industries Employee Benefit Plan*, No. 3:01-CV-1148-D, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.).

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). The affirmative defense of statute of limitations may properly be asserted in a Rule 12(b)(6) motion to dismiss. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997); *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage*

*Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).  Furthermore, "[i]t is well

settled . . . that in order for a defendant to prevail on the basis of limitations at the

pleadings stage, the plaintiff must normally plead [it]self out of court."  *West Fork*

*Partners, L.P. v. Chesapeake Exploration, L.L.C.*, No. 3:09-CV-0370-D, 2009 WL

2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, Chief J.) (quoting *Funches v.*

*City of Dallas*, No. 3:99-CV-0224-D, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28,

1999) (Fitzwater, J.)); *Covington v. Mitsubishi Motor Manufacturing of America, Inc.*, 154

Fed. App'x 523, 524 (7th Cir. 2005) ("[D]ismissal under Rule 12(b)(6) on the basis

of an affirmative defense is appropriate only where the plaintiff pleads himself out of

court by admitting all the ingredients of an impenetrable defense.") (internal

quotations omitted).  Courts strictly apply statutes of limitations, dismissing suits

filed even a few days after the limitations date.  See *Cochran v. Astrue*, No. 3:11-CV-

1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, Chief J.)

(dismissing a suit filed ten days after the statute of limitations expired).

## B.  The Dixons' Claims

### 1.  *The Dixons Fail to State a Claim Under RESPA*

For purposes of this motion, the court will assume that the Dixons correctly

cited Consumer Finance Protection Bureau ("CFPB") regulation 12 C.F.R. § 1024.38

in their original complaint.  The Dixons assert that the defendants violated § 1024.38

by providing inaccurate mortgage statements and failing to respond to the Dixons'

inquiries.  *See* Original Petition ¶¶ 20-22; Response at 3-6.  The defendants contend that the Dixons' RESPA claim fails because:  (1) BONY, as owner of the note, is not subject to liability under RESPA and (2) § 1024.38 does not provide for a private right of action.  *See* Motion at 5-6; Reply at 2-3.

Here, the court can dismiss outright the Dixons' RESPA claim against BONY because RESPA applies only to mortgage servicers, not owners.  See  *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. Sept. 30, 2013) (Lindsay, J.) (applying RESPA only to loan servicers (citing 12 U.S.C. § 2605(a))); *Penrod v. Bank of N.Y. Mellon*, 824 F. Supp. 2d 754, 763 (S.D. Tex. 2011) ("[RESPA's] statutory language clearly applies to loan servicers, not owners.").

The Dixons' RESPA claim against Ocwen depends on whether § 1024.38 creates a private right of action.  Congress enacted RESPA to ensure that mortgage servicers provide timely and accurate information to borrowers.  *See* 12 C.F.R. § 1024.38(b).  Even though Congress granted the CFPB broad authority to promulgate regulations under RESPA, the CFPB's authority is not unlimited.  *See* 12 U.S.C. § 2617(a); 12 C.F.R. § 1024.1.  The CFPB may issue regulations, but it may not generate new private rights; it may only invoke existing statutory rights.  See *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) (holding that a regulatory agency may not create a right that Congress has not); see also *Smith v. Nationstar Mortgage*, No. CV 15-13019, 2015 WL 7180473, at *4 (E.D. Mich. Nov. 6, 2015).

The Fifth Circuit has never determined whether § 1024.38 creates a private right of action; the weight of authority, however, is that it does not. See, *e.g.*, *Smith*, 2015 WL 7180473 at *3-4 ("[T]he court holds that violations of § 1024.38 cannot support a private action."); *Joussett v. Bank of America, N.A.*, No. CV 15-6318, 2016 WL 5848845, at *5 (E.D. Pa. Oct. 6, 2016) ("[T]here is no private right of action to enforce § 1024.38. The CFPB explicitly crafted the regulation not to provide for private enforcement."); *Anderson v. Wells Fargo Home Mortgage*, No. CV 14-5013 ADM/JSM, 2016 WL 755615, at *7 (D. Minn. Feb. 25, 2016) ("[T]he [plaintiff's] claim fails because no private right of action was created by [§ 1024.38]."); *Paz v. Seterus, Inc.*, No. CV 14-62513, 2016 WL 3948053, at *5 (S.D. Fla. Apr. 28, 2016) ("Borrowers have no private right of action under § 1024.38"). This court agrees with the conclusions of the foregoing authorities and holds that there is no private right of action under § 1024.38. Thus, the Dixons' claim under § 1024.38 is dismissed with prejudice.

2. *TILA Claims*

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to [him or her] and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing . . . practices." 15 U.S.C. § 1601(a). TILA requires lenders, in connection with closed-end consumer credit

- 8 -

transactions secured by a dwelling, to transmit -- for each billing cycle -- a statement

containing the current interest rate and amount of principal remaining on the loan.

*See* 15 U.S.C. § 1638(f); 12 C.F.R. § 1026.41(a)(1).

a.  The Statute of Limitations Bars the Dixons' TILA
Claims from 2013 to June 6, 2015

The defendants contend that the Dixons' TILA claims are time barred by the

statute of limitations.  Motion at 6-7.  TILA has a one year statute of limitations that

begins running on the date of a violation.  *See* 15 U.S.C. § 1640(e).  The Dixons pled

that the defendants committed TILA violations from 2013 to 2016.  *See* Original

Petition ¶¶ 15-17, 23-24.  Because the Dixons filed this case on June 6, 2016, any

alleged TILA violation that occurred prior to June 6, 2015 is time barred.  *See*

Original Petition; *McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th

Cir. 2013) ("Claims alleging improper disclosures under TILA . . . are subject to one-

year limitations.").

The Dixons contend, however, that the defendants' failure to correct the

inaccurate statements constitutes an ongoing violation, tolling the limitations period.

*See* Response at 5.  The Fifth Circuit has held that improper TILA disclosures are not

continuing violations that toll the limitations period.  See *Moor v. Travelers Insurance*

*Co.*, 784 F.2d 632, 633 (5th Cir. 1986) ("Nondisclosure is not a continuing violation

for purposes of the statute of limitations." (quoting *In re Smith*, 737 F.2d 1549, 1552

(11th Cir. 1984)); see also *Val-Com Acquisitions Trust v. Citimortgage, Inc.*, No. 4:10-

CV-0567-A, 2011 WL 825096, at *2 (N.D. Tex. Mar. 3, 2011) (McBryde, J.).

Therefore, the statute of limitations is not tolled under this theory.

The Dixons' response could also be construed as arguing for equitable tolling

of the limitations period.  *See* Response at 5.  Equitable tolling applies when "the

plaintiff(s) [are] actively misled by the defendant about the cause of action or [are]

prevented in some extraordinary way from asserting [their] rights."  *McCrimmon*, 516

F. App'x at 375 (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).  It

is used "only in rare and exceptional circumstances."  *Id.* (quoting *Teemac*, 298 F.3d at

457).  The Dixons have not pled any facts that would constitute a showing of

equitable tolling.  Therefore, the Dixons' TILA claims arising prior to June 6, 2015

must be dismissed with prejudice because they are barred by the statute of

limitations.

    b.  *The Dixons' TILA Claims from June 6, 2015 to June 6, 2016*

The defendants first contend that they were not required to serve the Dixons

with monthly statements following commencement of the delinquency proceedings

on May 6, 2015.  *See* Motion at 7-8 (citing 12 C.F.R. § 1026.5(b)(2)(i)).[*]  However,

§ 1026.5(b)(2)(i)'s delinquency proceeding exception applies only to open-end credit

transactions.  *See* 12 C.F. R. § 1026.5(b)(2)(i) (stating that § 1026.5 applies to

_____

    [*]    "A periodic statement need not be sent for an account if the creditor
deems it uncollectible, if delinquency collection proceedings have been instituted
. . . ."  12 C.F.R. § 1026.5(b)(2)(i).

"Open-End Credit").  Here, the Dixons' TILA claim arose under 15 U.S.C. § 1638,

which covers only closed-end transactions.  Original Petition ¶ 23; 15 U.S.C. § 1638;

see also *Basham v. Finance America Corporation*, 583 F.2d 918, 922 n.1 (7th Cir. 1978)

(noting how § 1638 applies to closed-end transactions), *cert. denied*, 439 U.S. 1128

(1979).  The defendants have failed to point to any such delinquency proceeding

exception for close-end transactions.  See *Benion v. Bank One, Dayton, N.A.*, 144 F.3d

1056, 1057 (7th Cir.) ("[TILA] has separate disclosure requirements for "open-end"

and "closed-end" credit transactions.  The requirements for the latter are more

onerous (compare 15 U.S.C. § 1637 with *id.* § 1638)."), *cert. denied*, 525 U.S. 963

(1998).  Therefore, § 1026.5(b)(2)(i) is inapplicable and the defendants' argument

fails.

Lastly, the defendants contend that the Dixons' TILA claim should be

dismissed because the Dixons pled that they did not "receive" monthly statements

rather than pleading that the defendants did not "transmit" the statements, as

§ 1638(f) states.  *See* Reply at 5-6.  However, this minor discrepancy does not render

the Dixons' claim implausible.  Rather, taking the Dixons' allegations as true, the

court can reasonably infer that the defendants failed to transmit the statements.  See

*Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."). Therefore, the defendants' motion is denied as to this claim.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the Dixons' claim under RESPA is **GRANTED**, and the Dixons' claim under RESPA is **DISMISSED** with prejudice. The defendants' motion to dismiss the Dixons' claims under TILA prior to June 6, 2015 is **GRANTED**, and the Dixons' claims under TILA prior to June 6, 2015 are **DISMISSED** with prejudice. The defendants' motion to dismiss the Dixons' claim under TILA after June 6, 2015 is **DENIED**.

**SO ORDERED**.

October 24, 2016.

A. JOE FISH
**Senior United States District Judge**